**In re Jamaluddin ALMAHDI,
Petitioner.**

**No. 13–4367.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Jan. 16, 2014.

Opinion filed: Jan. 27, 2014.

Jamaluddin Almahdi, Napanoch, NY,
pro se.

Megan E. Farrell, Esq., Rebecca R.
Haywood, Esq., Office of United States
Attorney, Pittsburgh, PA, for Respondent.

Before: AMBRO, CHAGARES and
VANASKIE, Circuit Judges.

OPINION

PER CURIAM.

Jamaluddin Almahdi filed this petition
for a writ of mandamus seeking an order
compelling the District Court to apply certain case law to its ruling on his motion
under Rule 59(e) of the Federal Rules of
Civil Procedure. For the reasons that follow, we will deny the petition.

Almahdi was in federal prison in 2011
when he filed a habeas corpus petition
pursuant to 28 U.S.C. § 2241 challenging
certain actions by the Parole Commission.[1]
The District Court dismissed the petition
in May 2013 for procedural default due to

the unexcused failure to exhaust administrative remedies. Almahdi then filed a
motion to alter the judgment pursuant to
Rule 59(e), in which he argued that he was
not required to exhaust administrative
remedies for his claims. In July 2013, the
Magistrate Judge recommended that the
motion be denied. On November 7, 2013,
Almahdi filed the instant mandamus petition seeking to compel the District Court
to "obey the relevant [case law] … on the
subject of exhaustion of administrative
remedies as it pertains to the case at
hand." The next day, November 8, 2013,
the District Court entered an order adopting the Magistrate Judge's Report and
Recommendation and denied Almahdi's
Rule 59(e) motion.

Mandamus is a drastic remedy available
only in the most extraordinary of circumstances. *In re Diet Drugs Prods. Liab.
Litig.*, 418 F.3d 372, 378 (3d Cir.2005). To
demonstrate that mandamus is appropriate, a petitioner must establish that he has
a "clear and indisputable" right to the
issuance of the writ and that he has "no
other adequate means to obtain the desired relief." *Madden v. Myers*, 102 F.3d
74, 79 (3d Cir.1996). Almahdi has failed to
show that he has no other adequate means
to challenge the District Court's resolution
of his claims. In fact, he has already
availed himself of the proper means for
seeking relief: his pending appeal from
the District Court's order denying his Rule
59(e) motion, docketed at C.A. No. 13–
4788. Any claims of error regarding the
District Court's disposition of the motion
may be set forth in that appeal. Almahdi
may not, however, use a mandamus petition as a substitute for the appeals process. *See In re Briscoe*, 448 F.3d 201, 212

---

1. According to the Inmate Locator on the
   Federal Bureau of Prisons website, Almahdi

was released on January 3, 2014.

(3d Cir.2006). We will therefore deny the petition.